IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRADY ANDREW MURPHY                                                                               PLAINTIFF

v.                                          Civil No. 4:20-cv-04074

INVESTIGATOR RICHARD ZANE BUTLER,
Ashdown Police Department                                                                         DEFENDANT

## ORDER

Plaintiff Brady Andrew Murphy filed this case *pro se* pursuant to 42 U.S.C. § 1983 on September 9, 2020. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted on September 30, 2020. (ECF No. 9). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Division of Correction's Ouachita River Unit serving a sentence as a of result of judgment or conviction. (ECF No. 1, p. 3). The events in question occurred while Plaintiff was incarcerated in the Little River County Jail ("LRCJ"). He specifically states he was convicted on July 7, 2020, and is "serving 12 years for poss. w/perpose to deliver and poss. of drug paraphernalia." *Id.* Plaintiff names Richard Zane Butler, an investigator with the Ashdown Arkansas Police Department, as the only Defendant.

In Claim One, Plaintiff alleges on July 7, 2020, Defendant Butler "abusen his power to get me more time Im suffering mentally physicaly and emotionly." (ECF No. 1, p. 4). Plaintiff describes Claim Two as "alterating evidence" and alleges on July 11, 2020, Defendant Butler stated "the dope weighed 10.8 on a uncalibrated scale pictures show 10.7 with a torn peace of bag

with nuthin in it . . . ." *Id.* at p. 5.  Plaintiff is suing Defendant Butler in his individual capacity only.  He is seeking compensatory and punitive damages.  *Id.* at p. 7.

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff's claims against Defendant Butler are barred by the *Heck* doctrine.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The Court noted that if a successful

claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff's claims against Defendant Butler are based on the investigation of a crime for which Plaintiff was charged and convicted. Plaintiff has not alleged that his conviction has been favorably terminated. His requests for monetary damages are therefore barred by *Heck*. Plaintiff may not use the civil rights statutes as a substitute for direct appeal or for *habeas corpus* relief. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims against Defendant Butler must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of December, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge